[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10461
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 15, 2005**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 03-20682-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR JOSEPH PINARGOTE-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 15, 2005)**

**ON REMAND FROM THE SUPREME COURT**
**OF THE UNITED STATES**

Before MARCUS, PRYOR and COX, Circuit Judges.

PER CURIAM:

This case is before us following the Supreme Court's order vacating the judgment of this court and remanding the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Pinargote-Ramirez v. United States*, 125 S. Ct. 1741 (2005).

Following remand, we entered an order directing the parties to submit supplemental letter briefs specifically addressing: (1) a description of where, when, and how any *Booker* issue was first raised; and (2) any argument about whether and how the *Booker* decision applies to the present case, and what action the court should take.

Pinargote asserts that a *Booker* issue was first raised in his initial brief before this court in which he argued that the district court "denied the defendant the individualized, discretionary sentencing upon which the constitutionality of the guidelines, under the Fifth Amendment, depends." Appellant's Br. at 6. Pinargote does not contend that he raised any such issue before the district court, and he concedes that under *United States v. Fields*, No. 04-12486, __ F.3d __ (11th Cir. 2005), "the mere fact that Pinargote received a guideline-minimum sentence is insufficient to meet his plain error burden." Appellant's Supp. Letter Br. at 5.

The Government argues that Pinargote did not properly preserve any *Booker* argument before this court or the district court. The Government's position is that the

argument raised in his initial brief was designed to attack the district court's application of the minor role guideline, but did not adequately raise any sentencing issues or constitutional objections involving the Fifth or Sixth Amendment in relation to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), or the district court's authority to engage in fact-finding. And, in any event, because no *Booker* issue was raised before the district court, our review would only be for plain error.

We agree with the Government that because Pinargote raised no *Booker* issue before the district court our review is only for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, Pinargote bears the burden of establishing (1) error, (2) that is plain, which (3) affects his substantial rights. *Id.* If these three conditions are met, the court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Though Pinargote can likely satisfy the first two prongs of this test, *see Johnson v. United States*, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997), he cannot demonstrate that any error affected his substantial rights because he cannot point to anything in the record which shows that he would have received a different sentence but for the mandatory nature of the guidelines. *See Rodriguez*, 398 F.3d at 1301. Our previous decision affirming Defendant's conviction and sentence is, therefore, reinstated.

JUDGMENT AFFIRMING CONVICTION AND SENTENCE REINSTATED.